UNITED STATES DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LORETTA LYONS, | Case No._____ |
| Plaintiff, | Hon._____ |
| v. | |
| CITY OF MUSKEGON POLICE DEPARTMENT OFFICERS RICHARD McCABE, JAMES GUST, TONY FOUNTAIN, and DOUG CONRAD, Jointly and Severally, | Muskegon County Case No. 22-151-CZ  Muskegon County Judge Timothy Hicks |
| Defendants. | |

| | |
|---|---|
| Kevin S. Ernst (P44223)<br>Hannah R. Fielstra (P82101)<br>Ernst Charara & Lovell PLC<br>Counsel for Plaintiff<br>645 Griswold, Ste 4100<br>Detroit, MI 48226<br>(313) 965-5555<br>Kevin@ecllawfirm.com<br>hannah@ecllawfirm.com | Allan C. Vander Laan (P33893)<br>Kristen L. Rewa (P73043)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI  49546<br>616-975-7470<br>avanderlaan@cmda-law.com<br>klrewa@cmda-law.com |

## **DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446(b)**

PLEASE TAKE NOTICE that Defendants Muskegon Police Department Officers Richard McCabe, James Gust, Tony Fountain and Doug Conrad, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., hereby remove the matter entitled, *Loretta Lyons v McCabe, et al*, Case No. 22-151-CZ currently pending in the Muskegon County Circuit Court to the United States District Court for the Western District of Michigan, Southern Division. The bases for removal are set forth below:

01528662-1

1. On or about on January 12, 2022, this action was commenced in the Kalamazoo County Circuit Court. Upon information and belief, the City of Muskegon was served with the lawsuit on or about February 14, 2022. Defense counsel represents that he will accept service on behalf of the Defendants. On February 24, 2022, defense counsel executed the appropriate waivers of service and sent them to Plaintiff's counsel for filing with this Court. A copy of the summons and complaint, which constitute all process and pleadings received by the Defendants, are attached as composite **Exhibit 1.**

2. The allegations in the Plaintiff's Complaint involve claims arising under the Constitution and laws of the United States, which would be within the original jurisdiction of this United States District Court.

3. Supplemental Jurisdiction is appropriate pursuant to 28 U.S.C. § 13.1967.

4. Plaintiff alleges that she suffered damages as a result of Defendants' alleged violation of 42 U.S.C. § 1983 and various constitutional Amendments. Plaintiff asserts one count of excessive force in violation of the Fourth Amendment, *one* count of wrongful arrest, detention and prosecution as to all Defendants in violation of the Fourth Amendment, and a state law claim.

5. The federal claims are summarized as follows:

    a. Plaintiff alleges in Count I that Defendants used excessive force in violation of the Fourth Amendment;

    b. Plaintiff alleges in Count II that she was wrongfully arrested, detained and prosecuted by the Defendants in violation of the Fourth Amendment;

    c. Plaintiff alleges a state law claim in violation of MCL 600.2907 which is presumed to be a malicious prosecution claim

01528662-1

6. The prerequisites for removal under 28 U.S.C. § 1331 and § 1441 have been met.

7. Written notice of the filing of this notice of removal will be given to the adverse parties as required by law.

8. The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Western District of Michigan. Defendants file this notice of removal and remove this civil action to the United States District Court for the Western District of Michigan. Plaintiff is notified to proceed no further in state court unless or until the case should be remanded by order of the United States District Court.

                                      Respectfully submitted,

                                      CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Dated: February 24, 2022      /s/ Allan C. Vander Laan
                                      Allan C. Vander Laan (P33893)
                                      Kristen L. Rewa (P73043)
                                      Attorneys for Defendants

01528662-1

# EXHIBIT

# A

01135775-1

RECEIVED 1/12/2022

Approved, SCAO

FILED 1/12/2022
14th CIRCUIT COURT
MUSKEGON COUNTY
Original - Court
1st copy - Defendant

RECEIVED
FEB 14 2022
CITY CLERK'S OFFICE
2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | | CASE NO. |
|---|---|---|---|
| Muskegon County | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | 2022-000151-CZ |

Court address
990 Terrace Street, 6th Floor, Muskegon, MI 49442

Court telephone no.
231-724-6251

Plaintiff's name(s), address(es), and telephone no(s).
LYONS, LORETTA

v

Defendant's name(s), address(es), and telephone no(s).
MUSKEGON POLICE DEPARTMENT OFFICERS
RICHARD McCABE, JAMES GUST,
TONY FOUNTAIN, and DOUG CONRAD,
Jointly and Severally,

Plaintiff's attorney, bar no., address, and telephone no.
KEVIN S. ERNST (P44223)
HANNAH R. FIELSTRA (P82101)
645 Griswold Street, Suite 4100
Detroit, MI 48226
313-965-5555

Case Assigned to:
Timothy G. Hicks

FILED
JAN 12 2022
CIRCUIT COURT RECORDS

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 01/12/2022 | 04/13/2022 | | 01/12/2022 04:00 PM |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.
NANCY A. WATERS - MUSKEGON COUNTY CLERK
PROXY SIGNED BY: DUNCANBR

MC 01 (9/19) SUMMONS — MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Seal - 1/12/2022

STATE OF MICHIGAN

MUSKEGON COUNTY CIRCUIT COURT

LORETTA LYONS,

    Plaintiff,

vs.

MUSKEGON POLICE DEPARTMENT OFFICERS
RICHARD McCABE, JAMES GUST,
TONY FOUNTAIN, and DOUG CONRAD,
Jointly and Severally,

Defendants.

Case No. 22-151-CZ

Hon. Timothy G. Hicks

_____/

ERNST CHARARA & LOVELL PLC
KEVIN S. ERNST (P44223)
HANNAH R. FIELSTRA (P82101)
Counsel for Plaintiff
645 Griswold, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
kevin@ecllawfirm.com
hannah@ecllawfirm.com

**FILED**

JAN 1 2 2022

CIRCUIT COURT RECORDS

_____/

### COMPLAINT AND JURY DEMAND

Plaintiff, LORETTA LYONS, by and through her attorneys, ERNST CHARARA & LOVELL, PLC, in support of her complaint states as follows:

### VENUE AND JURISDICTION

1. Plaintiff was at all times relevant hereto, a citizen of the United States and State of Michigan residing in the County of Muskegon.

2. The cause of action arose in the City of Muskegon, Michigan.

3. Defendant RICHARD McCABE was at all times relevant hereto an officer of the City of Muskegon Police Department and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the City of Muskegon Police Department and is being sued in his individual capacity.

4. Defendant JAMES GUST was at all times relevant hereto an officer of the City of Muskegon Police Department and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the City of Muskegon Police Department and is being sued in his individual capacity.

5. Defendant TONY FOUNTAIN was at all times relevant hereto an officer of the City of Muskegon Police Department and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the City of Muskegon Police Department and is being sued in his individual capacity.

6. Defendant DOUG CONRAD was at all times relevant hereto an officer of the City of Muskegon Police Department and was acting under color of state law, and pursuant to the policies, practices, customs, and usages of the City of Muskegon Police Department and is being sued in his individual capacity.

7. The federal claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983.

## FACTUAL ALLEGATIONS

8. On August 27, 2020, Plaintiff LORETTA LYONS was inside her home located on Evanston Street in Muskegon, Michigan.

9. Defendants from the Muskegon Police Department surrounded Plaintiff's home at approximately 12:43 AM.

2

10. Plaintiff walked outside to see what was going on and was given no answers by any Muskegon Police Department Defendant, so she turned around to walk inside her home.

11. As she walked back inside, Defendant FOUNTAIN attempted to physically stop her from entering her home and Defendant McCABE forcefully grabbed Plaintiff's right arm.

12. One of the Defendant officers put Plaintiff onto the ground and put his knee on her shoulder while pulling her arm.

13. Plaintiff was arrested for resisting and obstructing. Those charges were later dismissed.

14. Plaintiff continued to say that her arm was in significant pain, that she thought it may be broken and that she could not breathe.

15. Defendants seized Plaintiff's cell phone without a warrant and did not return it to Plaintiff until approximately three months later.

16. As a direct result of Defendants' conduct, Plaintiff suffered severe injuries to her right arm, shoulder, and other damages to be discovered throughout this litigation.

## COUNT I: EXCESSIVE FORCE AS TO ALL DEFENDANT OFFICERS

17. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

18. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by Defendant Officers.

19. The degree of force used by the Defendant Officers was objectively unreasonable and excessive in light of the circumstances.

20. Defendant Officers subjected Plaintiff to the use of excessive force by forcing Plaintiff onto the ground, putting a knee on her shoulder while pulling her arm, and placing Plaintiff

in handcuffs, among other acts of excessive force to be discovered through the course of litigation.

21. Defendant Officers' conduct in using excessive force violated Plaintiff's rights under the Fourth Amendment of the United States Constitution.

22. As a result of Defendant Officers' conduct, Plaintiff suffered serious and severe damages, as hereinafter alleged.

## COUNT II: WRONGFUL ARREST, DETENTION, AND PROSECUTION AS TO ALL DEFENDANT OFFICERS

23. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. Plaintiff had a constitutional right under the Fourth Amendment, incorporated through the Fourteenth Amendment, to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

25. The Defendant Officers arrested and detained Plaintiff without probable cause or reasonable suspicion and entered her home without a warrant.

26. At all relevant times all Defendants, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the Fourth Amendment to the United States Constitution.

27. The actions and/or omissions of all Defendants as described above constitute violations of the United States Constitution as follows:

    a. An unreasonable seizure, arrest, and detention in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

28. Further, All Defendants actions deprived Plaintiff of liberty, bodily security, and integrity without due process of law.

29. Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

30. The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable individual in the Defendants' position would have understood that the conduct violated said right.

31. All Defendants are therefore not entitled to qualified immunity.

32. As a result of Defendants' actions, Plaintiff suffered serious and severe damages as hereinafter alleged.

### COUNT III: VIOLATION OF MCL § 600.2907

33. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

34. As alleged above, Defendants instituted and/or continued criminal proceedings against Plaintiff.

35. Defendants caused Plaintiff to be prosecuted for vexation and trouble, and without Plaintiff's consent.

36. Defendants maliciously and without probable cause prosecuted Plaintiff.

37. Defendants prosecuted Plaintiff with a primary purpose other than bringing accused to justice. In fact, Defendants could not have had the primary purpose of bringing Plaintiff to justice as Plaintiff unequivocally committed no crimes.

38. The above prosecution was terminated favorably to Plaintiff when charges against her were dismissed.

5

39. As such, Defendants' prosecution of Plaintiff was wrongful and in violation of MCL § 600.2907.

40. As a result of Defendants' conduct, Plaintiff suffered serious and severe damages, as hereinafter alleged.

41. Plaintiff also incurred significant damages and expense in defending against Defendants' malicious prosecution and is thereby entitled to treble damages and punitive damages.

## DAMAGES

42. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

43. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

   a. Injuries to Plaintiff's right arm;

   b. Injuries to Plaintiff's right shoulder;

   c. Bruising;

   d. Stress and anxiety;

   e. Physical pain, suffering and discomfort, past, present and future;

   f. Aggravation, exacerbation, and acceleration of pre-existing injuries;

   g. Injury to reputation;

   h. Mental anguish;

   i. Fright and shock;

   j. Humiliation and discomfiture;

   k. Mortification and embarrassment;

   l. Emotional and psychological injuries;

6

    m. Loss of enjoyment of social pleasures;

    n. Medical bills;

    o. Attorney fees and costs; and

    p. Other injuries and damages to be discovered through the course of litigation.

44. By virtue of the nature of all Defendants' actions, Plaintiff is entitled to recover compensatory, punitive, and exemplary damages against all Defendants.

45. Plaintiff also seeks an award of attorney fees against all Defendants, pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff LORETTA LYONS respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant in an amount that is just and fair, and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

Respectfully submitted,

*/s/ Hannah R. Fielstra*
HANNAH R. FIELSTRA (P82101)
**Ernst Charara & Lovell, PLC**
Attorneys for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
hannah@ecllawfirm.com

Dated: January 11, 2022

### REQUEST FOR JURY TRIAL

Plaintiff hereby reaffirms his request for a trial by jury in the above-captioned matter.

7

Respectfully submitted,

*/s/ Hannah R. Fielstra*
HANNAH R. FIELSTRA (P82101)
**Ernst Charara & Lovell, PLC**
Attorneys for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
hannah@ecllawfirm.com

Dated: January 11, 2022

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED IN THE PLEADINGS ON 1/11/2022, BY:

```
X U.S. MAIL            __ EMAIL
__ FAX                 __ FEDERAL EXPRESS
__ HAND DELIVERY       __ MI FILE & SERVE SIGNATURE
```

*/s/Deanna Denby*
Deanna Denby

8