UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LORETTA LYONS, | Case No. _____ |
| Plaintiff, | Hon. _____ |
| v. | |
| CITY OF MUSKEGON POLICE DEPARTMENT OFFICERS RICHARD McCABE, JAMES GUST, TONY FOUNTAIN, and DOUG CONRAD, Jointly and Severally, | Muskegon County Case No. 22-151-CZ<br><br>Muskegon County Judge Timothy Hicks |
| Defendants. | |

| | |
|---|---|
| Kevin S. Ernst (P44223)<br>Hannah R. Fielstra (P82101)<br>Ernst Charara & Lovell PLC<br>Counsel for Plaintiff<br>645 Griswold, Ste 4100<br>Detroit, MI 48226<br>(313) 965-5555<br>Kevin@ecllawfirm.com<br>hannah@ecllawfirm.com | Allan C. Vander Laan (P33893)<br>Kristen L. Rewa (P73043)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI  49546<br>616-975-7470<br>avanderlaan@cmda-law.com<br>klrewa@cmda-law.com |

**BRIEF IN SUPPORT OF DEFENDANTS' REMOVAL ACTION**

Defendants Muskegon Police Department Officers Richard McCabe, James Gust, Tony Fountain and Doug Conrad, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., and in support of their Notice of Removal of Action, rely upon 28 U.S.C. §§ 1331, 1441, 1443, and 1446.

This Court has original jurisdiction in claims involving Federal law, specifically Federal Civil Rights Laws, and supplemental jurisdiction over related claims under State law.

01529146-1

*White v. County of Newberry, S.C.*, 985 F2d 168, 172 (4th Cir., 1993) would urge supplemental jurisdiction where the separate theories and claims revolve around the same nucleus of facts.

The efficient administration of justice is, generally, best preserved by reducing the number of cases in separate courts if there are not inconsistencies and mutually exclusive theories advanced. Supplemental jurisdiction under 28 U.S.C. § 1367 confers jurisdiction in Federal Courts which otherwise have original jurisdiction in states:

> a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. [Emphasis added.]

*McLaurin v. Prater*, 30 F.3d 982 (8th Cir., 1994) interpreted "shall" as requiring the Court to accept supplemental jurisdiction unless one of the four enumerated subsections of 28 U.S.C. § 1367 exists. Once the basis for supplemental jurisdiction exists, the Courts are to exercise discretion in a way which comports with achieving judicial *economy,* convenience, and fairness. *Wright v. Associated Ins. Co. Inc.*, 29 F.3d 1244 (7th Cir., 1993); *Executive Softwear North America, Inc. v. U.S. District Court for Central District of California*, 24 F.3d 1545 (9th Cir., 1994).

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Dated: February 24, 2022

/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Attorneys for Defendants

01529146-1